# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:11cv209
## [Criminal Case No. 1:06cr5]

| | |
|---|---|
| **CASEY DILLON WOOD,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1] and Motion for Expedited Disposition [Doc. 4].

## PROCEDURAL BACKGROUND

On February 8, 2006, the Petitioner and ten co-defendants were charged with conspiracy to manufacture and possess with intent to distribute at least 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). [Criminal Case No. 1:06cr5, Doc. 1]. On April 27, 2006, the Petitioner pled guilty to the Bill of Indictment pursuant to a Plea Agreement with the Government . [Id., Doc. 136]. On January 30, 2007, the Government moved for a downward departure pursuant to U.S.S.G. §5K1.1 based on the

Petitioner's substantial assistance to the Government. [Doc. 205]. At the Petitioner's sentencing hearing, the sentencing court granted that motion and also sustained the Petitioner's Objections to the amount of restitution calculated in the pre-sentence report. [Doc. 210]. By Judgment of Conviction filed February 22, 2007, the Court sentenced the Petitioner to 87 months imprisonment. [Doc. 209]. The Petitioner did not file a direct appeal from the Judgment.

On August 16, 2011, the Petitioner filed this motion claiming that the Bureau of Prisons ("BOP") has improperly denied him a sentence reduction pursuant to 18 U.S.C. §3621. The Petitioner argues that he successfully completed the Residential Drug Abuse Program ("RDAP"); however, because the sentencing court found an enhancement pursuant to U.S.S.G. §2D1.1(b)(6)(B),[1] BOP has refused to award the reduction.

**STANDARD OF REVIEW**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, sentencing courts are directed to

---

[1]This Guideline, now designated as §2D1.1(b)(10)(C)(ii), provides for a three point enhancement in offense level due to a substantial risk of harm to human life or the environment. U.S.S.G. §2D1.1(b)(6)(B). "The dangers of methamphetamine laboratories to human life are well-documented." United States v. Howell, 201 F. App'x 948, 949 (4th Cir. 2006), cert. denied 548 U.S. 1236, 127 S.Ct. 1317, 167 L.Ed.2d 127 (2007).

2

promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If the petitioner is not entitled to relief, the motion must be dismissed. Id. This Court has carefully reviewed the Petitioner's motion as well as the record below and finds that the Petitioner is not entitled to any relief and that the motion should be dismissed.

## DISCUSSION

A prisoner in federal custody may attack his conviction and sentence on the ground that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. 28 U.S.C. §2255. However, §2255 does not embrace all possible challenges to federal custody. A challenge to the execution of a federal sentence, as opposed to its legality, must be brought pursuant to 28 U.S.C. §2241, not §2255. United States v. Miller, 871 F.2d 488, 490 n.3 (4th Cir. 1989). A claim for credits against a sentence attacks the computation and execution of the sentence rather than the legality thereof and thus, must be brought in the district of confinement. Id.; Rumsfeld v. Padilla, 542 U.S. 426, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004) (claim which challenges present physical confinement must be filed in the district of

confinement); United States v. Johnson, 317 Fed.Appx. 336, 337 n.2 (4th Cir. 2009) (citing Miller).

Here, the Petitioner argues that the wording of his Judgment caused BOP to interpret his offense level as having been enhanced for endangering human life. [Doc. 1 at 4]. Because of this purported enhancement, he claims that BOP has found he is ineligible for a sentence reduction under §3621 despite having completed the RDAP program. This is a claim challenging the execution and duration of his sentence as opposed to its legality. Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3rd Cir. 2005) (challenge to execution of sentence must be brought by habeas instead of motion to vacate); Ardry v. Rios, 215 F. App'x 776 (10th Cir. 2007) (prisoner brought habeas petition to challenge BOP's regulation denying sentence reduction to inmate whose offense had enhancement for firearm; even if he completed RDAP he remained ineligible); Vaillancourt v. Ziegler, 2010 WL 3257649 (N.D.W.Va. 2010) (noting challenge to BOP's decision not to reduce sentence upon completion of RDAP brought pursuant to §2241); Sonni v. United States, 2010 WL 4867412 (D.N.J. 2010) ("sentence reductions pursuant to RDAP are not determinations for th[e] [sentencing] Court"); King v. Federal Bureau of Prisons, 2009 WL 764948 (D.S.C. 2009) (§2241 used to attack BOP's refusal

4

of sentence reduction on completion of RDAP), affirmed 329 F. App'x 504 (4th Cir. 2009). When a prisoner attacks the manner in which his sentence is being carried out or the prison authorities' calculation of its duration, the procedural mechanism which must be used is a petition for a writ of habeas corpus pursuant to §2241 filed in the district of confinement. <u>Miller</u>, 871 F.2d at 490 n.3.

The Court has considered the Petitioner's motion, any attached exhibits, and the record of prior proceedings. The Court finds that the Petitioner is not entitled to relief and therefore the motion must be dismissed. The Court further finds that the Petitioner has not has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right). As a result, the Court declines to issue a certificate of appealability. Rule 11(a), <u>Rules Governing Section 2255 Proceedings for the United States District Courts</u>.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc No. 1] is hereby **DENIED** and this action is hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that the Petitioner's Motion for Expedited Disposition [Doc. 4] is hereby **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Court declines to issue a Certificate of Appealability.

Signed: November 3, 2011

Martin Reidinger
United States District Judge